IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CURTIS REYNOLDS,**

        **Petitioner,**

v.                                           Civil action No. 1:17cv124
                                                      (Judge Keeley)

**JENNIFER SAAD,**

        **Respondent.**

### REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION

### I. Background

On July 17, 2017, the *pro se* Petitioner, an inmate then-incarcerated at FCI Gilmer[1] in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Along with his petition, Reynolds filed a motion to proceed as a pauper with a copy of his Prisoner Trust Account Report ("PTAR"). ECF Nos. 2 & 3. The Clerk of Court issued a Notice of Deficient Pleading, directing Petitioner to file a copy of the Ledger Sheets to his PTAR within twenty-one days. ECF No. 5. On August 22, 2017, a Show Cause Order was entered. ECF No. 8. On August 23, 2017 and again on August 24, 2017, Petitioner filed duplicate copies of his Ledger Sheets. ECF Nos. 9 & 10. By Order entered August 28, 2017, Petitioner was granted permission to proceed as a pauper and the filing fee was waived. ECF No. 12. On September 7, 2017, Petitioner wrote a letter to the Clerk of Court that was construed as Motion for Transfer and/or Motion for Temporary Restraining Order ("TRO"). ECF No. 14. By Order entered September 13, 2017, the Respondent was directed to show cause and also to file a response within seven days regarding Petitioner's allegations in his motion for transfer/TRO.

---

[1] Petitioner is now incarcerated at FCI Hazelton in Bruceton Mills, West Virginia.

ECF No. 15. On September 20, 2017, Petitioner filed a Motion to Compel. ECF No. 17. That same day, Respondent filed its response in opposition to Petitioner's motion for transfer and TRO. ECF No. 18. Petitioner filed a reply on September 27, 2017. ECF No. 21. On September 29, 2017, Petitioner filed two supplements to his reply. ECF Nos. 22 & 23. On October 3, 2017, Petitioner filed another reply. ECF No. 24.  On October 5, 2017, Petitioner filed a letter to the District Judge. ECF No. 25. On October 6, 2017, Petitioner filed a Motion to Compel. ECF No. 26.

On October 11, 2017, the Respondent filed a motion to dismiss for lack of jurisdiction with a memorandum in support. ECF Nos. 28 & 29.  Because Petitioner was proceeding *pro se*, on October 12, 2017, a Roseboro Notice was issued.  ECF No. 30.  On October 11, 2017, Petitioner filed a Motion for Correction of Error. ECF No. 29. On October 18, 2017, Petitioner wrote a letter to the court.  ECF No. 32. On October 24, 2017, Petitioner filed two responses in opposition to Respondent's dispositive motion.  ECF Nos. 33 & 34.  On October 30, 2017, another letter from Petitioner to the District Judge was docketed; as well, Petitioner filed a supplement to his Roseboro response. ECF Nos. 35 & 36.  On November 3, 2017, and again on November 6, 2017, Petitioner wrote two more letters to the District Judge. ECF Nos. 37 & 38. On November 7, 2017, Petitioner filed a Motion for Sanctions; a letter to the undersigned; and a Motion under F.R. Evidence §§ 201(c)(2) and 201(e) [sic] for Judicial Notice. ECF Nos. 39, 40, & 41. On November 14, 2017, Petitioner wrote another letter to the District Judge. ECF No. 42. On November 16, 2017, Petitioner filed an "Emergency" motion for a Rule 65 Restraining Order, seeking to prevent his transfer to another federal institution, along with an Emergency Restraining Order/Sanction. ECF Nos. 42 & 44. By Order entered November 20, 2017, the "Emergency" motion for a Rule 65 Restraining order was denied as moot. ECF No. 45. On

December 5, 2017, Petitioner filed a Motion for Complaint of Violation of Rules of Professional Conduct and Suspension, and a Motion for Permission to use Rule 36 Admissions of Facts. ECF Nos. 47 & 48.  On December 11, 2017, Petitioner wrote another letter to the undersigned. ECF No. 49.  On February 5, 2018, Petitioner filed a document apparently previously-filed in the Middle District of Pennsylvania, styled as an Amendment to Hazel-Atlas Motion for Fraud Upon the Court. ECF No. 51. On February 16, 2016, Petitioner filed another Motion to Compel. ECF No. 52.  On March 1, 2018, Petitioner filed the instant motion for a temporary restraining order. ECF No. 53.

In the instant motion for a preliminary injunction or TRO, styled as Temporary Restraining Order/Preliminary Injunction Hearing Schedule, Petitioner contends that he is indigent and because his inmate trust account has a "100% Encumbrance . . . [it] render[s] . . . [him] unable to purchase anything, including stamps." ECF No. 1 at 1. He contends that he is entitled to "indigent supplies" and that staff is "hindering [his] legal process." Id. at 2.

## II. Analysis

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the Petitioner is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011)(quoting Winter v. Natural Res. Def. Counsel, Inc., 555 U.S. 7 (2008)); see  Peterson v. National Telecommunications & Information Admin., 505 F. Supp. 2d 313, 317 (E.D. Va. 2006)(quoting Direx Israel Ltd. V. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992))(recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits;" (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief;" (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted). See Direx v. Israel, 952 F.2d at 812)(indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a Petitioner "**clearly show**" that he is likely to succeed on the merits. Id. Winter, 555 U.S. at 22. (emphasis added.).

The demanding standard outlined above becomes even more exacting when a Petitioner seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial. See East Tennessee Natural Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief'). See also In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003).  As the Fourth Circuit has held, ordinarily, preliminary injunctions are issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d at 525. But such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Consequently, "application of th[e] exacting

standard of review [for preliminary injunctions] is even more searching when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, Petitioner seeks a preliminary injunction or TRO requiring that he be afforded free postage because he is indigent, arguing that the Respondent or BOP staff's failure to provide free stamps is hindering his legal process.[2] However, an analysis of the Winter factors reveals that Petitioner's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his petition. The Respondent's pending motion to dismiss for lack of jurisdiction indicates that Petitioner's claims of actual innocence and his attempt to use 28 U.S.C. § 2255(e) to challenge his underlying sentence are not well-founded. Therefore, based upon the record currently before the court, Petitioner has not clearly shown that he is likely to succeed on the merits of his claims. Because Petitioner has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See Dewhurst, 649 Fed 3d at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant),

### III. Recommendation

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's Motion for a Preliminary Injunction [ECF No. 53] be **DENIED**.

---

[2] The undersigned notes that despite Petitioner's claims that his access to the Court has been hindered by the Respondent's failure to provide him with free postage, since initiating this action on July 17, 2017, excluding his initial filing of the petition and motion to proceed as a pauper, Petitioner has filed thirty-one other documents, letters, responses, duplicate responses, one change of address, and multiple letters to the court, the District Judge, and the undersigned. See ECF Nos. 6, 9, 10, 14, 17, 21, 22, 23, 24, 25, 26, 29, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, & 53.

Further, in the two months preceding the filing this case, Petitioner also filed three other cases: Case No. 3:17cv67 on June 12, 2017; Case No. 3:17cv73 on June 20, 2017; and Case No. 1:17cv99 on July 5, 2017. Subsequent to the filing this case, Petitioner has filed four more civil actions with this court, including Case No. 2:17cv114, filed on August 24, 2017; Case No. 1:17cv159, filed on September 21, 2017; Case No. 3:17cv118 on September 27, 2017; and Case No. 5:17cv150, filed on September 29, 2017 (dismissed without prejudice on January 18, 2018 by memorandum opinion and order adopting the Report and Recommendation of the Magistrate Judge, inter alia, denying Reynolds' motion to proceed as a pauper for three strikes).

Accordingly, it is apparent from the record that Petitioner's claim that as an indigent, his access to the court has been hindered has little merit.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to transmit a copy electronically to all counsel of record.

DATED: March 12, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE