IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CURTIS REYNOLDS,**

**Petitioner,**

**v.**                                             Civil Action No. 1:17cv124
                                                   (Judge Keeley)

**JENNIFER SAAD, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On July 17, 2017, the *pro se* Petitioner, Michael Curtis Reynolds ("Reynolds"), an inmate

then-incarcerated at FCI Gilmer[1] in Glenville, West Virginia, filed an Application for Habeas

Corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence

imposed in the United States District Court for the Middle District of Pennsylvania.  ECF No. 1.

Along with his petition, Reynolds filed a motion to proceed as a pauper with a copy of his

Prisoner Trust Account Report ("PTAR"). ECF Nos. 2, 3. The Clerk of Court issued a Notice of

Deficient Pleading, directing Petitioner to file copies of the Ledger Sheets to his PTAR within

twenty-one days. ECF No. 5.  On August 22, 2017, a Show Cause Order was entered. ECF No. 8.

On August 23, 2017 and again on August 24, 2017, Petitioner filed duplicate copies of his Ledger

Sheets.  ECF Nos. 9, 10.  By Order entered August 28, 2017, Petitioner was granted permission to

proceed as a pauper and the filing fee was waived.   ECF No. 12.   On September 7, 2017,

Petitioner wrote a letter to the Clerk of Court that was construed as Motion for Transfer and/or

Motion for Temporary Restraining Order ("TRO"). ECF No. 14.  By Order entered September 13,

---

[1] Petitioner is now incarcerated at FCI Greenville, Greenville, Illinois.  See ECF No. 59.

2017, the Respondent was directed to show cause and also to file a response within seven days regarding Petitioner's allegations in his motion for transfer/TRO. ECF No. 15. On September 20, 2017, Petitioner filed a Motion to Compel. ECF No. 17. That same day, Respondent filed its response in opposition to Petitioner's motion for transfer/TRO. ECF No. 18. Petitioner filed a reply on September 27, 2017. ECF No. 21. On September 29, 2017, Petitioner filed two supplements to his reply. ECF Nos. 22, 23. On October 3, 2017, Petitioner filed another reply.[2] ECF No. 24.  On October 5, 2017, a letter from Petitioner to the District Judge was docketed. ECF No. 25. On October 6, 2017, Petitioner filed another Motion to Compel. ECF No. 26.

On October 11, 2017, the Respondent filed a motion to dismiss for lack of jurisdiction with a memorandum in support. ECF Nos. 28, 29.  Because Petitioner was proceeding *pro se*, on October 12, 2017, a Roseboro Notice was issued.  ECF No. 30.

On October 11, 2017, Petitioner filed a Motion for Correction of Error. ECF No. 29. On October 18, 2017, a letter from Petitioner to the Clerk of Court was docketed.  ECF No. 32.

On October 24, 2017, Petitioner filed two responses in opposition to Respondent's dispositive motion.  ECF Nos. 33, 34.  On October 30, 2017, another letter from Reynolds to the District Judge was docketed; as well, Petitioner filed a supplement to his Roseboro response. ECF Nos. 35, 36.

On November 3, 2017, and again on November 6, 2017, two more letters to the District Judge from Reynolds were docketed. ECF Nos. 37, 38. On November 7, 2017, Petitioner filed a Motion for Sanctions; a letter to the undersigned; and a Motion under F.R. Evidence §§ 201(c)(2)

---

[2] The allegations in the Motion for Transfer and/or Motion for TRO were found to lack merit. Further, on September 20, 2017, Petitioner raised a related claim arising out of the same allegations in a motion filed in another § 2241 (Case No. 3:17cv67), and that motion was used to open a Bivens action (1:17cv159), later refiled pursuant to a 30-day Notice of Intent to Dismiss as Case 5:17cv150 on September 29, 207; that Bivens action was later dismissed. Accordingly, a recommendation that the Motion for Transfer and/or Motion for TRO [ECF No. 14] be denied as moot is made later in this R&R.

and 201(e) [sic] for Judicial Notice. ECF Nos. 39, 40, 41. On November 14, 2017, another letter from Reynolds to the District Judge was docketed. ECF No. 42.

On November 16, 2017, Reynolds filed an "Emergency" motion for a Rule 65 Restraining Order, seeking to prevent his transfer to another federal institution, along with an Emergency Restraining Order/Sanction. ECF Nos. 42, 44. By Order entered November 20, 2017, the "Emergency" motion for a Rule 65 Restraining order was denied as moot. ECF No. 45.

On December 5, 2017, Petitioner filed a Motion for Complaint of Violation of Rules of Professional Conduct and Suspension, and a Motion for Permission to use Rule 36 Admissions of Facts. ECF Nos. 47, 48. On December 11, 2017, another letter to the undersigned from Petitioner was docketed. ECF No. 49. On February 5, 2018, Petitioner filed a document apparently previously-filed in the Middle District of Pennsylvania, styled as an Amendment to Hazel-Atlas[3] Motion for Fraud Upon the Court. ECF No. 51. On February 16, 2016, Petitioner filed another Motion to Compel. ECF No. 52. On March 1, 2018, Petitioner filed a motion for a temporary restraining order. ECF No. 53. On March 12, 2018, the undersigned issued a Report and Recommendation ("R&R"), recommending that the temporary restraining order be denied. ECF No. 54. On March 26, 2018, Reynolds filed objections to the R&R; a motion for summary judgment with a memorandum in support and multiple attachments; and a second motion to proceed as a pauper. ECF Nos. 56, 57, 58. On April 23, 2018, Reynolds filed a motion to show cause. ECF No. 60. On April 30, 2018, Reynolds filed a Motion to Show Cause for Failure to Release Summary Judgment Undenied, Uncontested, for Case of Actual Innocence. ECF No. 61.

This matter is pending before the undersigned for review, Report and Recommendation pursuant to LR PL P 2.

---

[3] See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 249 - 50 (1944).

# I. <u>Procedural History</u>[4]

## A. <u>Petitioner's Underlying Criminal Proceedings</u>

In the fall of 2005, Reynolds used an internet message board to solicit assistance with an apparent terrorist plot. See <u>United States v. Reynolds</u>, 374 F. App'x 356, 358 (3rd Cir. 2010) (unpublished). An FBI source discovered his message, and later, after finding similar messages also posted by Reynolds, began directly communicating with Reynolds via email. <u>Id.</u> Throughout the next month, as the FBI source communicated interest in Reynolds's plans, Reynolds described the plans generally, and the two discussed payment arrangements. <u>Id.</u> Reynolds was arrested by an FBI tactical team on December 5, 2005 near Pocatello, Idaho, while attempting to retrieve reward money promised to him by an undercover FBI agent. <u>Id.</u> Upon arrest, after waiving his constitutional rights, Reynolds confessed that he believed he was communicating with an organization tied to al-Qaeda, but denied being a terrorist. <u>Id.</u> at 358 – 59. Reynolds claimed he was attempting to gain information about al-Qaeda to pass it on to a private paramilitary organization he had associated with in the 1980s, although he denied having already contacted anyone at that organization about his plan, or having communicated the idea to anyone else. <u>Id.</u> at 359. Illustrative operational plans for the attack were found on Reynolds's computer; the plans for an explosive device were detailed and thorough; and a search warrant executed at his rented storage unit revealed a live hand grenade. <u>Id.</u>

On December 5, 2005, in the United States District Court for the Middle District of Pennsylvania, Petitioner was charged in a criminal complaint with knowingly and unlawfully

---

[4] This information is taken from Petitioner's the Third Circuit's unpublished opinion on Reynolds' direct appeal and his criminal docket in the United States District Court for the Middle District of Pennsylvania, Case No. 3:05cr493, which is available on PACER. Unless otherwise noted, the ECF referrals in this section are to his criminal docket. <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

possessing a firearm, a grenade, not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.  ECF No. 1.  On December 20, 2005, a grand jury indicted Petitioner in Counts One and Two with unlawfully possessing a firearm, a grenade not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. ECF No. 16.

On October 3, 2006, a grand jury returned a superseding indictment charging Petitioner in Count One with Attempt to Provide Material Support to a Foreign Terrorist Organization (Al-Qaeda), in violation of 18 U.S.C. § 2339B; in Count Two, with Attempt to Provide Material Support to be Used in Maliciously Damaging and Destroying an Interstate Gas Pipeline by Means of Force or Explosive, in violation of 18 U.S.C. §§ 2339A and 2; in Count Three with Solicitation of Others to Engage in a Felony Involving the Damaging or Attempted Damaging of an Interstate Pipeline Facility by Means of Force or Explosive, in violation of 18 U.S.C. § 373; in Count Four with Distribution of Information Through the Internet Involving the Manufacture and Use of an Explosive or Destructive Device to be Used to Damage or Attempt to Damage an Interstate Gas Pipeline Facility, in violation of 18 U.S.C. § 842(p)(2); and in Counts Five and Six with Possession of an Explosive Grenade not Properly Registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. ECF No. 80.

After a five-day jury trial, on July 13, 2007 Reynolds was found guilty of Counts One, Two, Three, Four and Six of the superseding indictment. See Judgment at ECF No. 297.

On November 6, 2007, Reynolds was sentenced 180 months imprisonment each on Counts One and Two, to be served consecutively with each other, and to 90-month terms of imprisonment on Count Three; 240 months imprisonment on Count Four, and 120 months on Count Six, to be served concurrently with each other and with Counts One and Two, to the extent necessary to produce a total term of imprisonment of 360 months. See ECF No. 297 at 3.

## B. __Direct Appeal__

On July 23, 2007, before being sentenced, Petitioner filed an "appeal" on a court-approved § 2255 Motion to Vacate form.[5]   ECF No. 249. It was docketed by the district court as a notice of appeal. Id.   On July 31, 2007, the Third Circuit Court of Appeals issued an order staying the appeal, pending entry of the judgment. ECF No. 257.

On appeal, Petitioner alleged that:

1) there was insufficient evidence to support his conviction;

2) the "master" affidavit and probable cause determination should have been suppressed by the trial court;

3) trial testimony was perjured;

4) the government's prosecution of him was vindictive; and

5) his speedy trial rights were violated.

On March 18, 2010, in Case No. 07-3210, the Third Circuit Court of Appeals affirmed Petitioner's conviction.  __See__ ECF No. 367. Mandate issued on April 9, 2010.  ECF No. 371. In response to Reynolds' insufficiency of evidence claim that he was could not have sent an email before November 23, 2005, because he did not own a computer monitor, the Third Circuit noted that:

> [t]he government proved that emails were sent from an email address Reynolds controlled, under an alias that Reynolds used, and were sent from Pennsylvania at a time that Reynolds admits he was located in the Middle District. Whether they were sent from Reynolds' personal computer or from some other computer to which he had access, Reynolds' assertion that his own computer had no monitor does not render the government's evidence insufficient.

---

[5]   Although the appeal was filed on a form for a § 2255 motion to vacate, set aside or correct sentence, Petitioner clearly identified the document as a direct appeal. Question 8 of the form asks, "[d]id you appeal from the judgment of conviction?" Petitioner checked the box for "[y]es" and wrote "[t]his is that appeal." ECF No 249 at 1. Petitioner's grounds for appeal were that 1) his conviction was obtained by use of "evidence gained pursuant to an unconstitutional search;" 2) his conviction was obtained by use of "a perjured affidavit of probable cause;" 3) he was denied access to the courts; 4) the Government failed to disclose favorable evidence; and 5) the court of conviction lacked venue and jurisdiction. See United States v. Reynolds, (M.D. Pa. ECF No. 249) (3:05cr493).

United States v. Reynolds, 374 F. App'x at 360. Regarding Reynolds' claim that perjured trial testimony was used to convict him, the Third Circuit commented that "[w]hether a witness's testimony is false, and the government's actual or imputed knowledge thereof, are factual questions to be determined by the District Court[.]" Id. at 361 (citations omitted). Further, the Third Circuit noted that Petitioner had failed to preserve that claim for appeal. Id.

On September 14, 2010, Reynolds' motion to recall the mandate and for due process denial for a violation under FRAP Rule 31(a) was denied by the Third Circuit, and Reynolds' petition for writ of *certiorari* was denied by the United States Supreme Court. Reynolds v. United States, 562 U.S. 918 (Oct. 4, 2010).

## B. Motions to Vacate Under 28 U.S.C. § 2255, § 2241 Petitions, and Other Collateral Attacks

On February 9, 2007, before he had even been tried, let alone convicted, Reynolds filed a Motion for Habeas ad Testimonduindum [sic] in the United States District Court for the Middle District of Pennsylvania, challenging the legality of his ongoing federal criminal prosecution and alleging that an FBI agent committed perjury and fraud by lying in an affidavit that was presented to the grand jury; the Assistant United States Attorney ("AUSA") ignored exculpatory evidence and knowingly used false statements to obtain the underlying criminal indictments; his prior defense counsel was informed that someone else committed the crimes Reynolds was charged with but purportedly ignored the information; and Reynolds' then-presently-appointed court-appointed standby counsel was allegedly cooperating with the prosecution. Reynolds v. Gurganus, M.D. Pa. Case No. 4:07cv258. By Memorandum and Order entered February 28, 2007, the petition was construed as one arising under 28 U.S.C. § 2241 and dismissed as meritless.

On April 11, 2007, again before trial, Reynolds filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania,

alleging a violation of the Speedy Trial Act, and outrageous government conduct, i.e. perjury in an affidavit to the grand jury; and a denial of due process for the court's alleged refusal to permit him to testify, presumably before the grand jury. Reynolds v. Kosik, M.D. Pa. Case No. 4:07cv674. By Memorandum and Order entered April 12, 2007, the petition was dismissed as meritless.

On June 20, 2007, again, before trial, while incarcerated at Lackawanna County Prison in Scranton, Pennsylvania, Reynolds filed a Motion for an Order of the Court for Habeus [sic] Corpus Ad Faciendum Et Recipiendum in the United States District Court for the Southern District of New York.  Reynolds v. Kosik, SDNY Case No. 1:07cv5824.  It was construed as a § 2241 petition, and by Order entered February 5, 2008, was transferred to the United States District Court for the Middle District of Pennsylvania, where it was docketed as Case No. 4:08cv293. The petition alleged that an FBI Agent committed perjury and fraud by lying in an affidavit presented to the federal grand jury; the prosecutor ignored exculpatory evidence and knowingly used false statements to obtain the criminal indictments; his prior defense counsel was advised that someone else actually committed the crimes but ignored that information; and his present court-appointed stand-by counsel was allegedly cooperating with the prosecution.  As relief, he sought a hearing before the grand jury within thirty days. By Memorandum and Order issued February 27, 2008, after Petitioner had finally been convicted, the petition was dismissed without prejudice as premature, given that his direct appeal was still pending. Reynolds v. Kosik, (M.D. Pa. ECF No. 2 at 3)(4:08cv293).

On August 7, 2007, after trial but prior to sentencing and the entry of judgment, Reynolds filed a § 2255 motion alleging two grounds for relief: 1) his conviction was obtained by use of a coerced confession; and 2) he was denied the right to due process. ECF No. 258. On August 15,

2007, the district court entered an order dismissing the § 2255 motion to vacate as premature. ECF No. 268.

On November 15, 2007, Reynolds filed another motion to vacate or set aside pursuant to 28 U.S.C. § 2255. ECF No. 313; see also M.D. Pa. Case No. 3:07cv2093. In that motion, Reynolds repeated the same two grounds for relief raised in his August 7, 2007 motion and added two additional grounds, alleging that: 3) he was denied effective assistance of counsel; and 4) the indictment against him was obtained by perjured testimony presented to the grand jury, constituting fraud. Id. On November 26, 2007, the district court likewise dismissed this motion to vacate as premature, given that Reynolds' appeal was still pending. ECF No. 318.

On May 9, 2008, in the United States District Court for the Middle District of Pennsylvania, Reynolds filed a § 2241 Motion for Habeas Relief, alleging that he was subjected to a false arrest; evidence obtained in an illegal search was used against him; his speedy trial rights were violated; a perjured affidavit of probable cause was used "on all warrants;" the trial court abused its discretion and was biased; he was subjected to a vindictive prosecution; and the trial court lacked proper venue. Reynolds v. Bledsoe, (M.D. Pa. ECF No. 1) (4:08cv909). As relief, he sought reversal of his criminal charges and immediate release. Id. By Memorandum and Order issued on May 14, 2008, the petition was dismissed without prejudice as premature because Reynolds' direct appeal was still pending and he had not yet filed a motion to vacate under § 2255. Reynolds v. Bledsoe, (M.D. Pa. ECF No. 2) (4:08cv909).

On November 19, 2008, in the United States District Court for the Middle District of Pennsylvania, Reynolds filed a Habeus [sic] Corpus Motion for Relief, which was construed as a habeas corpus petition under 28 U.S.C. § 2241 and docketed accordingly. See Reynolds v. Martinez, M.D. Pa. Case No. 4:08cv2094. In the petition, Reynolds challenged the legality of his

federal criminal conviction, alleging he was subjected to a vindictive prosecution because he was illegally arrested pursuant to a perjured probable cause affidavit; evidence obtained in an illegal search was used against him; and a delayed superseding indictment resulted in a violation of his right to a speedy trial. He also argued that the presiding judge should be recused because the court did not fairly review a previously-filed habeas corpus petition. Reynolds v. Martinez, (M.D. Pa. ECF No. 1 at 1 - 2, 13 – 14)(4:08cv2094).  Because the grounds raised in the petition had already been previously raised in prior § 2241 proceedings in that court,[6] by Memorandum and Order entered on December 1, 2008, the petition was dismissed without prejudice as a successive § 2241 petition, pursuant to 28 U.S.C. § 2244(a), and also as premature, because Reynolds' direct appeal was still pending. Reynolds v. Martinez, (M.D. Pa. ECF No. 3) (4:08cv20940. Reynolds then filed a separate motion for recusal, which was denied as moot by Order entered April 27, 2009. Petitioner appealed the court's denial of his recusal motion.  By *per curiam* opinion issued on May 4, 2010 in Case No. 09-2509, the Third Circuit Court of Appeals dismissed the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B), holding that both § 2241 petition and the recusal motion were properly dismissed by the district court, and commenting that Reynolds had "deluged the [district] court with numerous filings." Reynolds v. Martinez, M.D. Pa. Case No. 4:08cv2094, ECF No. 12-2 at 3 - 4.

On November 5, 2009, Petitioner filed a motion pursuant to 28 U.S.C. §§ 2241 and 2243 in his criminal case, alleging that the search warrants issued against him were invalid; trial testimony was coached or perjured; it was physically impossible for him to have sent the emails

---

[6] The court noted that Reynolds had already previously filed two (2) unsuccessful § 2241 petitions in that court, Reynolds v. Bledsoe, M.D. Pa. Case No. 4:08cv909 and Reynolds v. Kosik, M.D. Pa. Case No. 4:08cv293; that the issues raised in  present habeas corpus action were asserted in at least one of those prior unsuccessful habeas corpus petitions; and that  there was no indication that Reynolds applied for and been granted leave to file a second or successive § 2241 petition by the Third Circuit Court of Appeals. See Reynolds v. Martinez, (M.D. Pa. ECF No. 3 at 4)(4:08cv2094).

without a computer monitor and internet access; and his arrest was unlawful, and seeking immediate release. ECF No. 350.   By Order entered December 7, 2009, the motion was dismissed for lack of jurisdiction, ECF No. 356.

On November 30, 2009, Petitioner filed another motion in his criminal case "for Emergency Habeas Release" pursuant to 28 U.S.C. §§ 2241 and 2243, alleging that the government's witness lacked credibility; the FBI altered evidence; only the emails from November 10 – 16, 2005 should be considered because he was only in Pennsylvania between those dates; and his conviction was obtained through vindictive prosecution and the use of a perjured affidavit. ECF No. 353. By Order entered December 9, 2009, the motion was dismissed for lack of jurisdiction. ECF No. 356.

On December 7, 2009, in his criminal case, Petitioner filed a third "Emergency Release" motion pursuant to §§ 2241 and 2243, alleging that his conviction was obtained through unlawful arrest, with "uncontested breached Search [sic] warrants; coached testimony and perjury at trial; he was innocent of any email crimes; and the Clerk of Court committed unlawful acts to hide a Government failure to rebut the matter. ECF No. 354 at 1 - 2. Further, he argued that it was physically impossible for him to have sent the emails because he had no computer monitor or internet access  [id. at 5, 12 – 15, 18 - 19]; and the prosecution was vindictive. Id. at 17. On December 9, 2009, in one Order, the district court denied this motion, along with Reynolds' November 9, 2009 and November 30, 2009 § 2241 motions [ECF Nos. 350, 353] for lack of jurisdiction, because the matter was still-then pending before the Third Circuit. ECF No. 356.

On May 10, 2010, in the United States District Court for the Middle District of Pennsylvania, Reynolds filed an Emergency Habeas Petition Under 28 U.S.C. §§ 2241 and 2243 for an Immediate Hearing, alleging actual and factual innocence; that a "jury verdict sheet" was

modified; the public defender tried to coerce him into entering a guilty plea; and that he was denied the opportunity for a phone call after being arrested. He also alleged that counsel was ineffective in multiple ways. He argued the need for an emergency habeas corpus hearing to preserve the eyewitness testimony of his 80-year old mother who was in ill health, testimony which would support his claim of innocence and which had been "dodged by the Courts since 2005." Reynolds v. Martinez, (M.D. Pa. ECF No. 1 at 1 – 2) (3:10cv996). He also raised some condition of confinement claims. By Memorandum and Order issued on May 17, 2010, the petition was dismissed as meritless without prejudice to Petitioner's right to file a civil rights complaint or a § 2255 motion. Reynolds v. Martinez, (M.D. Pa. ECF No. 4 at 9 - 10) (3:10cv996).

Next, on July 7, 2010, Petitioner filed a motion for release from custody under §§ 2241 and 2243 in his criminal case, alleging that the FBI and government witnesses lied, and requesting a "bail release hearing." ECF No. 381. The district court denied this request noting that "Petitioner not being on bail, [] it cannot be enlarged." ECF No. 388. By further order, on August 19, 2010, the district court denied Petitioner's July 7, 2010 motion for release from custody, noting that he "would be a danger to the community." ECF No. 390.

On October 21, 2010, Petitioner filed a self-styled "Hazel-Atlas" motion in the sentencing court, alleging, *inter alia*, that the Standard Oil Company was no longer a going concern and that he possessed "no computer monitor with which to send emails." ECF No. 391 at 2 – 3. Petitioner then filed two additional Hazel-Atlas motions on November 15, 2010 and December 1, 2010. ECF Nos. 395, 398. On March 8, 2011, the district court issued a memorandum and order denying Petitioner's three Hazel-Atlas motions [ECF Nos. 391, 395, 398], seven miscellaneous motions [ECF Nos. 403, 404, 406, 409, 411, 415, 420] and his motion for bail pending appeal [ECF No. 412]. ECF No. 422. On March 22, 2011, Reynolds filed a

notice of appeal.  The appeal was docketed as Third Circuit Court of Appeals Case No. 11-1839; in it, Reynolds specifically challenged the district court's ruling on his Hazel-Atlas motions; his recusal motion; the perjured affidavit of the FBI agent presented to the grand jury, and an alleged Franks[7] violation.  ECF No. 426. On April 8, 2011, in his criminal case, Petitioner filed another motion for relief which was denied by order of the district court, because Petitioner's appeal of the same matters was already pending in the Third Circuit. See ECF Nos. 428, 426. Within his summary action appeal in Third Circuit Case No. 11-1839, in addition to his brief, supplements, and affidavits, on June 13, 2011, Reynolds also filed a § 2241 motion alleging that perjured evidence was used to convict him; it was physically impossible for the emails at issue to have been sent by him because his computer had no monitor; the grenade was "a dud;" the court lacked jurisdiction; his arrest was illegal and false; and his "sham" conviction should be vacated [Motion of § 2241, Under § 2243 for Bail Release Hearing Under § 3143 at 4  - 7, United States v. Reynolds,  No. 11-1839 (3rd Cir., June 13, 2011)], a July 5, 2011 "Addendum" to that motion, and numerous other motions. In the October 13, 2011 *per curiam* opinion affirming the district court in Case No. 11-1839, the Third Circuit affirmed the district court's March 8, 2011 ruling denying Reynolds' motions, noting that:

> Reynolds has accumulated three "strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). He has filed some nineteen appeals and other proceedings in this Court since 2007. . . . has filed over thirty motions and other documents in the District Court and, since taking this appeal, has filed over twenty motions and other documents in this case. These filings are largely repetitive, and many state no discernable basis for relief.

---

[7] See Franks v. Delaware, 438 U.S. 154 (1978) (holding that where a warrant affidavit contains a statement, necessary to the finding of probable cause, that is demonstrated to be both false and included by an affiant knowingly and intentionally, or with reckless disregard for the truth, the warrant is not valid).

ECF No. 446-1 at 6. The court characterized Reynolds' pleadings as "difficult to follow, but he appears to take issue with evidence concerning a live hand grenade, an electronic match, his criminal history and a statement that his mother gave to detectives." Id. at 3.

Despite the unfavorable outcome of his direct appeal and petition for writ of *certiorari*, on December 22, 2010, in Case No. 10-4676 in the Third Circuit Court of Appeals, Reynolds filed a petition for writ of mandamus, seeking to compel the sentencing court to conduct a "Franks hearing," and challenging the probable cause affidavit used to support the search warrant in his underlying criminal case. See In re: Michael Curtis Reynolds, (3rd Cir. Jan. 24, 2011) (10-4676). On January 24, 2011, finding no basis for relief, in a *per curiam* opinion, the Third Circuit denied the petition. Id.

On August 29, 2011, Reynolds filed another motion to vacate pursuant to § 2255. ECF No. 440; see also M.D. Pa. Case No. 3:11cv1612. In that motion Reynolds asserted that: 1) the "search warrant violation [was] not challenged;" 2) there was "known perjury before [the] grand jury;" 3) "fabrication of evidence;" and 4) "known [judicial] witness tampering."  Id. By Order entered October 3, 2011, the district court advised Reynolds of limitations on his right to file a second or successive petition for relief under 28 U.S.C. § 2255, and granted him leave to withdraw his most recent petition without prejudice to his rights. See Reynolds v. United States, M.D. Pa. ECF No. 442 (3:05cr493). After Reynolds elected to continue, rather than withdraw his § 2255, he filed multiple motions, seeking "admission of facts," a "court order" directing his immediate transfer; hearings, summary judgment, leave to conduct "full discovery," and/or a response from the government.  By one Order entered August 15, 2012, those motions were denied along with the § 2255 motion, the Clerk was directed to close the case, and the court noted that "[a]ny appeal will be deemed frivolous, without probable cause, and not taken in good faith."

ECF No. 479; see also Reynolds v. United States, (M.D. Pa. ECF No. 32) (3:11cv1612). In its memorandum opinion, the district court noted that Petitioner's claims that perjured testimony was used before the grand jury and at trial had already been considered and denied by the district court and the Third Circuit; it also addressed Petitioner's claims that the government had solicited perjured testimony to the effect that one of Petitioner's targets was the Standard Oil Company in Perth Amboy, New Jersey.  In a footnote, the district court commented that:

> [d]espite Petitioner's suggestion to the contrary, the Standard Oil Company did not disappear after the Supreme Court's decision that it be dissolved pursuant to the Sherman Antitrust Act. See Standard Oil Co., 221 U.S. 1, Rather, Standard Oil split into multiple companies, which after years of growth, sales, dissolutions, and mergers eventually became, inter alia, Mobil, Exxon, and Chevron. The Perth Amboy plant, although idled a few months after Petitioner's trial, is operated as a terminal. . . . this Court finds that no willfully false statement was made.

United States v. Reynolds, (M.D. Pa. ECF No. 478 at 18, n.14)(3:05cr493).  The district court further found that "the specific locations of the oil facility and the pipeline [targets] were not germane to Petitioner's conviction." Id. at 19. The district court also addressed Petitioner's reply brief claims [ECF No. 471 at 29, 35] that the court was without jurisdiction and venue to impose sentence because Petitioner did not own a computer monitor while he was in Pennsylvania, noting that Petitioner's claim that he did not have a computer monitor was without merit. ECF No. 478 at 29. Finally, in denying Petitioner a certificate of appealability, the district court noted "[t]he Third Circuit Court of Appeals previously considered each of the claims addressed herein and denied Petitioner's arguments." Id. at 31.  Despite being denied a certificate of appealability, Reynolds appealed.  By Order entered February 13, 2013, the Third Circuit Court of Appeals denied the certificate of appealability. Reynolds v. United States, (3rd Cir. ECF No. 36) (12-3635).

On April 30, 2012, while incarcerated at USP Victorville, in Victorville, California, Reynolds filed a petition styled as § 2241 in Conjunction with a Motion Under § 1651 for a

Habeas Corpus ad Subjiciendum, challenging the legality of his conviction and sentence, and alleging that they were unconstitutional and that he was actually innocent.   Reynolds v. Quintana, C.D. Cal. Case No. 2:12cv3706.  On May 17, 2012, Reynolds filed an amended petition, alleging "known physical impossibility of venue to convict," given that the emails could not have come from him because he had no computer monitor; email evidence establishing venue in Pennsylvania and New York was fabricated; there was a "§ 2255 admission by Government to judicial witness tampering[;]" and under Ninth Circuit law, vindictive prosecution was proven in 2007 but never acknowledged. By R&R entered on July 31, 2012, the petition[8] was construed as a § 2255 motion over which the court had no jurisdiction, and transfer to the Middle District of Pennsylvania was recommended. By Order Accepting R&R, entered on September 25, 2012, the petition was transferred to the Middle District of Pennsylvania for disposition as a § 2255 motion. Subsequently, by Order entered November 28, 2012, the Middle District of Pennsylvania construed it as a motion to amend the original § 2255 motion and denied it. ECF No. 492.  A certificate of appealability was not issued. Id.

On September 4, 2012, Reynolds filed a notice of appeal over the district court's denial of his motion to recuse the district judge and motion to amend appeal to § 2255 [sic]. ECF No. 484. In it, he again alleged he was denied a Franks hearing and that his conviction was based on the perjured trial testimony of an FBI agent.  ECF No. 484. By Order entered February 13, 2013, in Case No. 12-3580, the Third Circuit Court of Appeals denied Reynolds' request for a certificate of appealability and his motions. ECF No. 493.

On October 5, 2012, while he was incarcerated FCI Victorville in Victorville, California, Reynolds filed another petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United

---

[8] The magistrate judge noted that the petition "appears to be petitioner's sixtieth challenge to his convictions." Reynolds v. Quintana, C.D. Cal. Case No. 2:12cv3706, ECF No. 21 at 2.

States District Court for the Central District of California, again arguing that it was physically impossible for him to have committed the charged crimes; he was falsely arrested; and fabricated evidence was used to convict him.[9] <u>Reynolds v. McGrew</u>, C.D. Cal. Case No. 2:12cv8605.  By Memorandum and Order entered October 15, 2012, the petition was construed as a § 2255 motion and transferred to the United States District Court for the Middle District of Pennsylvania, where it was docketed on November 15, 2012 as another motion to vacate under § 2255. ECF No. 490; <u>see</u> <u>also</u> M.D. Pa. Case No. 3:12cv2093. By Order entered November 28, 2012, the Middle District of Pennsylvania construed it as a second or successive petition filed without prior authorization and dismissed it, finding no basis for the issuance of a certificate of appealability. ECF No. 492.

On July 26, 2013, in the district court, Petitioner filed a motion for return of property taken by unlawful search and seizure, again alleging that a perjured affidavit of probable cause was used to obtain his conviction. ECF No. 495.  By Order entered September 16, 2013, the motion was dismissed as moot. ECF No. 500. On October 1, 2013, Petitioner moved for reconsideration; by Order entered October 3, 2013, relief was denied. ECF Nos. 501, 503.  On October 8, 2013, Petitioner filed a notice of appeal with the Third Circuit Court of Appeals. ECF No. 505.  In its February 25, 2014 Order, denying relief in Case No. 13-4195, the Third Circuit summarily affirmed the district court, noting that "[t]o the extent that Reynold's motion for reconsideration was yet another attempt to challenge the validity of his underlying conviction, it was an unauthorized second or successive 28 U.S.C. § 2255 motion . . . and we decline to issue a certificate of appealability."  ECF No. 508 at 2 (internal citations omitted).

---

[9] Attached to the petition was a copy of a prior Motion Under § 2241 for Removal of IFRP and all Sanctions Imposed by the FBOP, ostensibly filed in the United States District Court for the Eastern District of California but signed by Reynolds on August 20, 2012 and time-stamped on August 31, 2012 by the United States District Court for the Central District of California.

On June 27, 2014, Petitioner filed a Freedom of Information Act ("FOIA") request for documents related to the service and return of service for three search warrants. ECF No. 511. On June 30, 2014, the district court denied Petitioner's request, which it characterized as "Reynolds' most recent attempt to find new avenues to challenge the search and seizure leading to his arrest, which has repeatedly been upheld."  ECF No. 512. On July 8, 2014, Petitioner filed another notice of appeal with the Third Circuit Court of Appeals which was docketed as Case No. 14-3313.  ECF No. 514. On April 2, 2015, the Third Circuit issued an order in Case No. 14-3313 affirming the district court's June 30, 2014 denial of Petitioner's FOIA request and noting that "[t]o the extent that [Reynolds] now attempts to raise substantive challenges to the validity of the search and seizure that led to his arrest, those challenges are outside the scope of this appeal." ECF No. 521.

On March 25, 2015, the Third Circuit Court of Appeals issued an Order in Case No. 15-1670 acknowledging that Petitioner had filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in that court on March 17, 2015, and directed that the petition be transferred to the United States District Court for the Middle District of Pennsylvania.  ECF No. 520.  Due to clerical error, the case was not opened in the Middle District of Pennsylvania until April 9, 2015. The petition was styled as Motion Under § 2241 for Actual Innocence; in it, Reynolds alleged his conviction was unlawful because venue was improper; it was physically impossible for him to have committed the email crimes in Pennsylvania because he had no internet service, no computer monitor; under "Hull," he should not have been found guilty under § 842 of a "use" of non-physical drawings that never left his computer; that an FBI agent committed perjury at trial; illegally seized evidence was used against him at trial; and that he did not receive proper notification of a possible sentencing enhancement under USSG § 3A1.4.[10] Reynolds v. Ives, MD

---

[10] The Third Circuit noted that although Reynolds also claimed that he was "actually innocent" of violating 18 U.S.C. § 922(g)(1), he was not charged with violating that provision.

Pa. Case No. 3:15cv698.   By Memorandum and Order entered on May 13, 2015, the petition was denied as meritless and the case was dismissed without prejudice.   Reynolds appealed.   By *per curiam* opinion entered on December 22, 2015 in Case No. 15-2490, the Third Circuit Court of Appeals affirmed.

On September 7, 2016, Petitioner filed a motion styled as being filed "under 28 U.S.C. § 1651 for new defense not available at conviction/new law," which the Clerk docketed as another motion to vacate under 28 U.S.C. § 2255. ECF No. 522. On December 9, 2016, the district court entered an order dismissing the § 2255 motion as a second or successive petition filed without prior authorization. ECF No. 537. The Order further dismissed three other motions [ECF Nos. 526, 531, 535] which it also construed as second or successive motions filed under 28 U.S.C. § 2255, and denied as moot a fourth motion [ECF No. 530] which it construed as an amendment to one of the motions to vacate. ECF No. 537.

On October 17, 2016, in the District of Maryland, Reynolds filed a Motion for Actual Innocence Under § 2241, again addressing the physical impossibility of his having sent the emails that formed the basis for his criminal offense because he had no internet access nor any monitor attached to his computer; challenging a felon in possession charge; the allegedly non-functional grenade found pursuant to the government's "illegal" search and seizure; the perjury by government witnesses;  the "use" via emailing the drawing of the "electric match" for the "use" of another to commit a crime,  and relying on "Hull," "Leocal," and "Johnson," without providing any citations thereto. See Reynolds v. Stewart, (D. Md. ECF No. 1)(1:16cv3471).   By Order entered October 25, 2016, the petition was construed as a § 2255 motion and dismissed without prejudice for lack of jurisdiction. Reynolds v. Stewart, (D. Md. ECF No. 2)(1:16cv3471). Reynolds appealed. By unpublished *per curiam* opinion issued on March 17, 2017, the Fourth

Circuit Court of Appeals affirmed. Reynolds v. Stewart, (4th Cir. ECF No. 7)(16-7590). On October 2, 2017, the United States Supreme Court denied Reynolds' petition for writ of *certiorari,* and denied Reynolds' petition for rehearing on December 4, 2017. Reynolds v. Stewart, (4th Cir. ECF No. 19, 20)(16-7590).

On January 19, 2017, Petitioner filed a motion for default in the sentencing court, alleging that there were "several undenied Rule 36 motions" in the case. ECF No. 544. By Order entered January 27, 2017, Petitioner was advised that "a proper method of challenging the fact of conviction at this stage is through habeas relief, which, in cases of second or successive petitions, must first be authorized by an appellate court[,]" and the motion was dismissed as meritless. ECF No. 545. On February 9, 2017, Petitioner moved for reconsideration of the district court's order. ECF No. 546. By Order entered February 10, 2017, the district court denied the motion for reconsideration. ECF No. 547.

On March 28, 2017, in the United States District Court for the Central District of California, Reynolds filed a Motion Under § 2241 Actual Innocence of an Enhancement; however, in the body of the motion, Reynolds cited to cases and referred to USSG § 3A1.4, but claimed he was actually innocent "due to a new law change, of said Enhancement." Reynolds v. United States, C.D. Cal. Case No. 2:17cv2378. In the tersely-worded petition, Reynolds again listed several cases by name only, such as "Mathis," "Richardson," "In re: Winship," "Bailey," and "Dorsainvil," but then appeared to raise a challenge to a § 3A1.4 sentence enhancement. Id. at ECF No. 1 at 1. By Memorandum and Order entered on September 18, 2017, the petition was construed as one arising under § 2255 and transferred it to the United States District Court for the Middle District of Pennsylvania, where it was docketed on September 26, 2017. ECF No. 557; see also M.D. Pa. Case No. 3:17cv1750. By Order entered December 21, 2017, the motion was

construed as a second or successive § 2255 motion filed without prior authorization and dismissed.  ECF No. 562.

On June 12, 2017 in this district, Reynolds filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his convictions.  See Reynolds v. Saad, N.D. W.Va. Case No. 3:17cv67. In that case, Reynolds alleged 1) a factual innocence claim based on insufficiency of evidence, asserting it was "physically impossible" for him to have committed an email crime because he did not possess a computer monitor; 2) the government used perjured testimony to convict him; 3) the sentence imposed was illegal because his criminal history was improperly calculated; and 4) and an insufficiency of evidence claim that was not fully intelligible, but which appeared to suggest that a corporate "confession" was made by an entity, Standard Oil Company, which no longer existed. Id. at 5 – 7. For relief, Reynolds sought immediate release or a public evidentiary hearing. Id. at 8. The case was recommended for dismissal by an R&R entered November 2, 2017.  Reynolds v. Saad, (N.D. W.Va. ECF No. 24)(3:17cv67). By Order entered January 2, 2018, the R&R was adopted and the case dismissed. Id. at ECF No. 28.

On November 14, 2017, in the sentencing court, Reynolds filed a Motion for Miscarriage of Justice, again alleging that the FBI agents planted evidence to obtain his conviction, and that the email evidence used to convict him was falsified, and seeking his immediate release. ECF No. 559. On December 4, 2017, Reynolds filed a Motion to Reduce Sentence. ECF No. 560. On December 12, 2017, also in district court, Reynolds filed a Motion for Violation of Rules of Professional Conduct and Suspension, alleging that the United States Attorneys who prosecuted him had knowledge of perjured evidence; the motion was docketed in the district court as an

affidavit. ECF No. 561. By one Order entered December 21, 2017, his Motions for Miscarriage of Justice and to Reduce Sentence were denied. ECF No. 562.

On March 27, 2018, in the United States District Court for the Middle District of Pennsylvania, Reynolds filed a Hazel-Atlas Motion for Fraud on the Court; it was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and docketed accordingly. See Reynolds v. United States, M.D. Pa. Case No. 3:18cv691. In the petition, Reynolds again claimed actual innocence; challenged the legality of his federal conviction; alleged that it was physically impossible for him to have committed email crimes within the confines of the district; a prosecution witness was coerced; false statements and testimony by an FBI agent were used to obtain his conviction; evidence was planted; the court committed fraud; he was convicted using illegally seized evidence; and his PreSentence Investigation Report ("PSR") contained falsified prior convictions. Reynolds v. United States, (M.D. Pa. ECF No. 1 at 1 - 14) (3:18cv691). By Memorandum and Order entered on April 4, 2018, the petition was dismissed without prejudice to Reynolds' right to reassert his claims in a properly filed § 2255 motion. Reynolds v. United States, (M.D. Pa. ECF No. 6)(3:18cv691.

### III. The Pleadings

#### A. Petitioner's Claims

In support of his § 2241 petition, Reynolds' tersely-worded petition, filed without a memorandum in support appears to contend that:

1) [a]bsent "use," § 16(b) falls under § 842(p)(2) and Leocal (2004). No use [was] committed. Hull (3rd Cir. 2006). Johnson (2015) "voids §16(b) under circuit holdings." Alleyne and Mathis negate enhancement. Alleyne states no legal enhancement absent indictment. Mathis states [a] judge cannot enhance due to elements. ECF No. 1 at 5.

2) Physical impossibility; [a] desktop monitor cannot "use" emails absent [a] monitor. No monitor was present. Tracing proves it was not petitioner who emailed. Id. at 6.

3) Cannot "teach" absent sending of emails. Picture of "electric match" never emailed. Physically impossible to do so in PA or NY. Id.

4) The FBI fabricated evidence. Tracing to informants location of emails. Id. at 6 - 7.

5) New information of proof of falsification of PSI to enhance sentence.

Petitioner admits he has not administratively exhausted his claims prior to filing suit because it is "not [a] prison issue" and "not [a] Bureau issue." Id. at 7 – 8.

As relief, he seeks "[r]elease. Failing this, evidentiary hearing with File # 10-3813 US Attorneys office, 228 Walnut St., Harrisburg PA 17108 compelled for production." Id. at 8.

On his court-approved form § 2241 petition, when asked why his remedy by way of § 2255 was inadequate or ineffective to test the legality of his conviction, Petitioner stated "not for actual innocence.  Bailey exception on use." Id. at 9.

## B. **Respondent's Motion to Dismiss**

Respondent contends that the petition should be dismissed for lack of jurisdiction, because

1) Reynolds fails to establish he is entitled to use the savings clause because he does not assert, nor can he establish, that the offenses for which he was convicted and sentenced are no longer criminal offenses;

2) because Reynolds is challenging a sentencing enhancement, he has not raised a cognizable habeas claim;

3) Reynolds' reliance on the various legal authorities he cites is misplaced; and

4) Reynolds has repeatedly and unsuccessfully raised the same arguments he raises here in other courts; thus, his petition is barred as an abuse of the writ of habeas corpus.

ECF No. 28 at 3 – 9.

## C. **Petitioner's Response in Opposition**

Without seeking leave of court, Petitioner filed three responses to the Roseboro Notice in this matter.  See ECF Nos. 33, 34, 36.  Per Local Rule of Prisoner Litigation Procedure ("LR PL

P") 11.4, "Surreply and Surrebuttal Memoranda may not be filed." Further, Local Rule of Civil Procedure ("L.R. Civ. P.") 7.02(b)(3), provides that "[p]arties shall not file surreply memoranda except by leave of court."   Accordingly, Petitioner's second and third responses are construed as surreply memoranda and will not be considered here.

In his first response in opposition to the Respondent's dispositive motion, Reynolds provided a sixteen-page, handwritten "reply brief [ECF No. 33]," a two-page handwritten "Exhibit Explanation [ECF 33-1]; and a ten-page typewritten "Brief in Support [ECF No. 33-2]," for a total of twenty-eight pages.  First, he contends he is entitled to a hearing on his petition. ECF No. 33 at 1. He then challenges Respondent's conclusion that he is not entitled to the savings clause, and for the first time, provides limited argument in support; however, he still only identifies the cases he relies on by their first names.  He appears to generally contend that "Bailey," "Dorsainville," "Alleyne," "Dawkins," "Johnson," "Mathis," "Descamps," "Richardson," and "In re Winship" entitle him to proceed under the savings clause. Id. at 1 – 3. He also challenges the Respondent's recitation of the numerous motions to vacate and other collateral attacks he has filed over the years; he notes that "[t]he Baltimore § 2241 was denied, but is on active appeal in the Supreme Court as we speak. Thus no final determination was done." Id. at 3.  Reynolds then reiterates the same claims he has raised many times, i.e., that the FBI planted evidence in his underlying case [id. at 4]; he is actually innocent of his enhanced sentence because it was "physically impossible" for him to have sent "certain emails [id.];" and proceeds to generally attack the evidence used to convict him. Id. at 5 – 15.  Finally, he argues that this Court "certainly can obtain . . . jurisdiction" over his petition. Id. at 15. In his brief in support, he mentions (by first name only, without providing citations) "Sandstrom," "Mathis," "Richardson," "Alemendez-Torres," "Hull," "Dorsainville," "Bailey," and "Leocal," before going on to again challenge the evidence used to

convict him, the computer that had no monitor, and the United States Sentencing Guidelines for a § 924(c) enhancement. ECF No. 33-2 at 2.

## IV. <u>Standard of Review</u>

<u>**Motion to Dismiss**</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46.  In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Conley</u>, 550 U.S. at 555 (citations omitted).   Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u> (citations omitted), to one that is "plausible on its face," <u>id.</u> at 570, rather than merely "conceivable." <u>Id.</u> Therefore, in order for a complaint to survive dismissal

for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)).  In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).   Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id.

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam).  However, the requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## **V.  Discussion**

### **Petitioner's § 2241 Petition**

Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition that presented "no new grounds not heretofore presented and determined." McClesky v. Zant, 499 U.S. 467, 483 (1991). As amended by AEDPA, § 2244(a) now provides:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been

determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

A few circuit and district courts have held that § 2244(a) bars a subsequent § 2241 as a successive petition where the grounds raised in the subsequent petition were denied in a prior § 2241 action.  See Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997); Byrd v. Gillis, 1997 WL 698157, at *1 (E.D. Pa. Nov. 5, 1997).  For a petition to be barred as successive under this provision, the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings. Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986) (plurality opinion). Under the abuse-of-the-writ doctrine, a court may dismiss a subsequent petition when "a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks."   Id. Moreover, federal courts have concluded that notwithstanding any limitations on § 2244(a), a successive identical habeas petition may be subject to dismissal as an abuse of the writ. See, e.g., Davis v. Fechtel, 150 F.3d 486, 491 (5th Cir. 1998) ("we need not determine whether the gate-keeping provisions of the AEDPA [apply to Petitioner's third § 2241 petition] because it clearly constitutes an abuse of the writ either under our pre—or post—AEDPA jurisprudence."); Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir. 1991) (applying the law of the case doctrine to successive habeas petitions); Raulerson v. Wainwright, 753 F.2d 869, 875 (11th Cir. 1985) (same); see also McCleskey v. Zant, 499 U.S. 467, 482, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (recognizing that where a petitioner has filed successive habeas petitions in more than one district court, the dismissal of the first habeas petition is of "vital relevance" to later court determinations of whether to consider similar petitions).  The Supreme Court has noted that the restrictions on successive petitions set forth in §

2244(a) "constitute a modified *res judicata* rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996).

Here, as noted *supra* in exhaustive detail, Reynolds has raised his claim that that it was physically impossible for him to have committed his email crimes because "no use" of emails could occur while using a computer without a monitor, and/or that he could not "teach" [someone else how to use his terroristic plans] absent the sending of emails, including the picture of the "electric match," for the same reason, have been raised repeatedly in some form or fashion and dismissed in § 2241 petitions filed in the Middle District of Pennsylvania, the Central District of California, the District of Maryland; and in this district, in <u>Reynolds v. Gurganus</u>, M.D. Pa. Case No. 4:07cv258; in a § 2241 motion filed in his criminal case as ECF No. 350 on November 5, 2009; in his "Emergency Habeas Release" motion pursuant to § 2241 filed in his criminal case on November 30, 2009 as ECF No. 353; in his "Emergency Release" motion pursuant to § 2241 filed in his criminal case on December 7, 2009 as ECF No. 354; in the June 13, 2011 Motion of § 2241, Under § 2243 for Bail Release Hearing Under § 3143 filed in his appeal of eight orders denied by the district  court in a summary action in the Third Circuit Court of Appeals Case No. 11:1839; in <u>Reynolds v. Quintana</u>, C.D. Cal. Case No. 2:12cv3706; in <u>Reynolds v. McGrew</u>, C.D. Cal. Case No. 2:12cv8605; in <u>Reynolds v. Ives</u>, M.D. Pa. Case No. 3:15cv698; in <u>Reynolds v. Stewart</u>, D. Md. Case No. 1:16cv3471; in <u>Reynolds v. Saad,</u> N.D. W.Va. Case No. 3:17cv67; and in <u>Reynolds v. United States</u>, M.D. Pa. Case No. 3:18cv691.

Likewise, Petitioner's claim that the FBI committed perjury, fabricated or planted evidence to obtain a conviction in his criminal case has been raised repeatedly and dismissed in § 2241 petitions filed in District Courts for the Middle District of Pennsylvania, the Central District of California, the Southern District of New York, and in this district, in: <u>Reynolds v. Gurganus</u>,

M.D. Pa. Case No. 4:07cv258; Reynolds v. Kosik, M.D. Pa. Case No. 4:07cv674; Reynolds v. Kosik, SDNY Case No. 1:07cv5824 (transferred to M.D. Pa. by Order entered Feb. 5, 2008 and docketed as M.D. Pa. Case No. 4:08cv293); Reynolds v. United States, M.D. Pa. Case No. 3:07cv2093; Reynolds v. Bledsoe, M.D. Pa. Case No. 4:08cv909; Reynolds v. Martinez, M.D. Pa. Case No. 4:08cv2094; in a motion pursuant to 28 U.S.C. § 2241 filed in his criminal case on November 5, 2009 as ECF No. 350]; in a § 2241 motion filed in his criminal case on November 30, 2009 as ECF No. 353; in § 2241 motion filed in his criminal case on December 7, 2009 as ECF No. 354]; in § 2241 filed motion filed in his criminal case on July 7, 2010 as ECF No. 381; in the June 13, 2011 Motion of § 2241, Under § 2243 for Bail Release Hearing Under § 3143 filed in his appeal of eight orders denied by the district court in a summary action in the Third Circuit Court of Appeals Case No. 11:1839; in Reynolds v. Quintana, C.D. Cal. Case No. 2:12cv3706; Reynolds v. McGrew, C.D. Cal. Case No. 2:12cv8605; Reynolds v. Ives, M.D. Pa. Case No. 3:15cv698; Reynolds v. Stewart, D. Md. 1:16cv3471; Reynolds v. Saad, Case No. N.D. W.Va. 3:17cv67; and in Reynolds v. United States, M.D. Pa. Case No. 3:18cv691.

As well, Reynolds' implied claim that he is actually innocent and/or entitled to relief pursuant to recent changes in law[11] under "Mathis," "Richardson," "Johnson," "Hull," "Alleyne," "Dorsainville," "Bailey," "In re Winship," and "Leocal," have been raised and dismissed in § 2241 petitions filed District Courts in the Central District of California, the Middle District of Pennsylvania, and in the District of Maryland, in Reynolds v. United States, C.D. Cal. Case No.

---

[11] Reynolds' insufficiently-pled implied claim that he is also actually innocent and/or entitled to relief pursuant to recent change in law under "Sandstrom," "Dawkins," "Descamps," and "Alemendez-Torres" will not be considered, given that he did not provide full case names or citation to those cases. Although *pro se* petitions are to be liberally construed as set forth in Haines v.Kerner, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted).

2:17cv2378; <u>Reynolds v. Ives</u>, MD Pa. Case No. 3:15cv698; <u>Reynolds v. Stewart</u>, D. Md. Case No. 1:16cv3471.

And finally, Reynolds' claim that his he has proof that his PSR was falsified with information regarding prior convictions was raised and dismissed in <u>Reynolds v. United States</u>, (M.D. Pa. ECF No. 1 at 1 - 14) (3:18cv691).

The claims that Petitioner raises in the instant petition are identical to those already repeatedly denied by the sentencing court, this Court, and other districts, for the past eleven years. Petitioner cannot benefit from another "bite at the apple" simply because several months have passed since the denial of his last petition and the filing of his instant one.

Accordingly, the undersigned recommends that Petitioner's claims be denied and dismissed with prejudice as successive and as an abuse of the writ.

## VI. <u>Recommendation</u>

Based on the foregoing, the undersigned recommends that Respondent's Motion to Dismiss [ECF No. 27] be **GRANTED** and Petitioner's § 2241 [ECF No. 1] petition be **DENIED and DISMISSED with prejudice**.

Further, the undersigned recommends that Petitioner's pending Motion for Transfer and/or Motion for TRO[12] [ECF No. 14]; Motion to Compel [ECF No. 17]; Motion to Compel [ECF No.

---

[12] The body of this letter/motion raises issues regarding FCI Gilmer employee retaliation/interference with legal mail; this Court's wasting money seeking filing fees from the indigent; a demand for a "23 day reply" to his habeas petition; a request for an "order of transfer" due to Respondent's "unending" retaliation via "loss" of his legal property and confiscating his legal work and typing equipment; the evidence used to obtain his underlying conviction; a demand that the court immediately intervene by ordering his immediate transfer; and a demand that Respondent be sanctioned [ECF No. 14 at 1 - 2]; thereafter, below his signature, in an untitled postscript, in what appeared to be almost a passing reference, Reynolds alleged that on an unspecified date, an FCI Gilmer employee sexually assaulted him and when he rebuffed the overture, that that employee gave him a "false charge." <u>Id.</u> at 2. Therefore, he alleged, "for [his own] safety, [he must] be removed from [FCI] Gilmer. Immediately." <u>Id.</u>

On September 13, 2017, Respondent was directed to provide a response to Petitioner's allegation of imminent harm within seven days. ECF No. 15.

On September 20, 2017, through counsel, Respondent filed a response and exhibits [ECF No.18], including, *inter alia*, a sworn September 20, 2017 Declaration by Joanne Parke-Davison, Reynolds' Unit Manager, indicating that Reynolds held a grudge against the employee ("Vandervender") he accused of sexually assaulting him, because

on August 24, 2017, Vandervender had informed Reynolds that FCI Gilmer's  Special Investigative Service ("SIS") Department did not have certain missing property Reynolds was seeking [ECF No. 18-1 § 11 at 3 - 4]; in response, Reynolds "slammed his hand on a nearby trashcan[;]" threatened to sue Vandervender; aggressively approached; refused redirection; and threatened to get even [id.]; and that Reynolds was charged with disruptive behavior and threatening bodily harm and placed in Administrative Segregation as a result. Id., ¶¶ 11, 12 at 4. Moreover, Reynolds' Unit Manager averred that she interacted with Reynolds at least weekly, and that Reynolds had never reported this alleged May 24, 2017 sexual assault to her. Id. ¶ 13 at 4.

On September 21, 2017, Respondent also filed a Notice of Supplemental Evidence [ECF No. 20] with an exhibit. In its response, Respondent noted that FCI Gilmer was unaware of Reynolds' allegation of sexual assault until this Court directed it to respond to the allegation; that Reynolds had been interviewed, and identified the employee, the alleged date, time, and location where the assault had occurred, indicated that other inmates witnessed the assault but that "he could not remember any of their names." ECF No. 20 at 1. In the September 21, 2017, sworn Declaration by Henry Mullins, a Lieutenant in FCI Gilmer's SIS Department, attached to the Notice, Mullins reported that on September 19, 2017, he interviewed Reynolds about the alleged assault and investigated Reynolds' allegation that on August 24, 2017, shortly before 11:00 a.m., the employee in question pushed Reynolds against a wall and grabbed his genitals as Reynolds was entering the FCI dining hall.  ECF No. 20-1, ¶¶ 6, 7, 8 at 1 – 2.  Mullins averred that he personally reviewed the surveillance video from the dining hall area from 10:30 a.m. – 12:15 p.m. for that date; the staff member Reynolds accused of assaulting him was clearly visible approaching and standing outside the dining hall from 10:49 a.m. – 11:10 a.m., but that at no time ever entered the inmate dining area where Reynolds claimed the assault happened or interacted with Reynolds in any way. Id., ¶ 8. Mullins concluded that Reynolds had made a false allegation and charged him with the same, in an incident report delivered to Reynolds on September 21, 2017. Id., ¶ 9; see also ECF No. 20-1 at 5.

Reynolds filed a 22-page response in opposition on September 27, 2017 [ECF No. 21]; a Reply to Supplement on September 29, 2017 [ECF No. 22]; and two more supplemental replies on September 29, 2017 and October 3, 2107 respectively. ECF Nos. 23, 24. Each of Reynolds' replies generally attempts to refute the Respondent's conclusions as to the falsity of his allegations against the employee, makes suggestions for discovery to be conducted on the same, and/or claims that the video of the incident was non-existent and/or fabricated. Attached to one of them was a one-page medical record for a health services encounter date of May 24, 2017, which noted that Reynolds suffers from bipolar disorder, depression, and joint pain, and takes an antidepressant and a non-steroidal anti-inflammatory medication. ECF No. 22-4 at 1.

On September 29, 2017, a week after the Respondent filed his Notice of Supplemental Evidence in the instant case, Reynolds filed a Bivens civil rights action in this Court as Case No. 5:17cv150, challenging the surveillance video described in the Henry Mullins declaration in the instant case as fabricated.

On November 16, 2017, in the instant case, Reynolds filed November 16, 2017 Emergency [Motion for] Rule 65 Restraining Order, seeking an order preventing his transfer from FCI Gilmer and raising a claim of fabricated evidence in his underlying criminal case. ECF No. 43.

In the December 22, 2017 Report & Recommendation issued in Reynolds' Bivens action, Magistrate Judge James Seibert referenced the November 16, 2017 Emergency Restraining Order Reynolds had filed in the instant case, and Reynolds' stance regarding an active attempt to remove him from FCI Gilmer which "must be prevented[,]" noting that "[c]learly, if Petitioner truly believed that he was in imminent danger, he would welcome a transfer out of FCI Gilmer and away from Vandervender. Accordingly, . . . [Reynolds] fails to establish facts that he is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule." See Reynolds v. Vandervender, No. 5:17cv150, 2017 U.S. Dist. LEXIS 216223, *3 - *4 (N.D. W.Va. Dec. 22, 2017), adopted by Reynolds v. Vandervender, 2018 U.S. Dist. LEXIS 7759, Stamp, F.P. (N.D. W.Va. Jan. 18, 2018).

On December 27, 2017, Reynolds was transferred from FCI Gilmer to FCI Hazelton. ECF No. 50. Thereafter, on April 19, 2018, Reynolds was transferred to FCI Greenville, in Greenville, Illinois. ECF No. 59.

26]; Motion for Correction of Error [ECF No. 29]; Motion for Sanctions [ECF No. 39]; Motion under F.R. Evidence §§ 201(c)(2) and 201(e) [sic] for Judicial Notice [ECF No. 41]; Motion for Complaint of Violation of Rules of Professional Conduct and Suspension [ECF No. 47]; Motion for Permission to use Rule 36 Admissions of Facts [ECF No. 48]; and Motion to Compel [ECF No. 52];  Motion for Summary judgment [ECF No. 57]; his second motion to proceed as a pauper [ECF No. 58]; his motion to show cause [ECF No. 60]; and his Motion to Show Cause for Failure to Release Summary Judgment Undenied, Uncontested, for Case of Actual Innocence [ECF No. 61] all be **DENIED as moot.**

Finally, the undersigned recommends that because of Reynolds' continuing abuse of the writ and *in forma pauperis* status, the court **ORDER** as follows:

(1) That Reynolds be **ENJOINED** from filing any further habeas corpus actions in this district attacking his conviction or otherwise, unless, before paying the required filing fee in full or seeking and obtaining leave from the District Court to file *in forma pauperis*, he first provides proof that he has obtained permission to do so from the Fourth Circuit Court of Appeals. In order to file any other civil action, in order to receive *in forma pauperis* status in the future, petitioner must demonstrate to the court that he is in imminent danger of serious physical injury.

(2) That in accordance with the pre-filing injunction to be issued against Reynolds, the Clerk of the Court be ORDERED to refuse any new complaints or petitions for filing in a matter from petitioner before obtaining leave by the undersigned Judge.

(3) That leave of Court be forthcoming upon Reynolds' demonstration through a properly filed motion that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11.

(4) That the pre-filing injunction imposed shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals; and

(5) that Reynolds receives notice that any failure to comply with the court's directive will constitute contempt of court and will subject him to court-ordered sanctions.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge.  **Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgement of this Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

Upon entry of this Report and Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

 DATED:  May 9, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE