IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL CURTIS REYNOLDS,**

    **Petitioner,**

**v.**      //      **CIVIL ACTION NO. 1:17CV124**
                          (Judge Keeley)

**JENNIFER SAAD,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 54] AND DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 53]**

## I. BACKGROUND

On July 17, 2017, the pro se petitioner, Michael Curtis Reynolds ("Reynolds"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), attacking the validity of his conviction and sentence (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi for initial screening and a report and recommendation ("R&R").

On March 1, 2018, Reynolds filed a motion for a temporary restraining order or preliminary injunction, in which he sought an order from the Court directing certain BOP staff members to provide him free postage stamps (Dkt. No. 53). Magistrate Judge Aloi's R&R recommended that the motion be denied because Reynolds had not established his entitlement to a preliminary injunction pursuant to the four-factor test articulated in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (Dkt. No. 54). Specifically, the R&R concluded that Reynolds had not established a likelihood of

**REYNOLDS V. SAAD** 1:17CV124

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 54] AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 53]**

success on the merits, as required by the first factor in <u>Winter</u>. <u>Id.</u> at 5. Reynolds timely filed objections to the R&R (Dkt. No. 56).

## II. LEGAL STANDARD

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only those portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). For the most part, Reynolds' objections fail to identify specific errors in the R&R and, in fact, contain few references to the R&R itself. When liberally construed, Reynolds' objections ostensibly relate to the R&R's conclusion that he has not established a likelihood of success on the merits of his Petition (Dkt. No. 56). <u>See</u> <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (noting that <u>pro se</u> objections should be "accorded leniency" and "construed to raise the strongest arguments that they suggest" (internal quotation omitted)).

A preliminary injunction is proper when the plaintiff can "[1] establish that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." <u>Winter</u>, 555 U.S. at 20. "[A]ll four requirements must be satisfied," <u>Real Truth About Obama, Inc.</u>, 575 F.3d at 346, and "[a] preliminary injunction shall be granted only if the moving party clearly establishes

**REYNOLDS V. SAAD**                                                    **1:17CV124**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 54] AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 53]**

entitlement." <u>Di Biase v. SPX Corp.</u>, 872 F.3d 224, 230 (4th Cir. 2017).

The Court is mindful of the fact that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter</u>, 555 U.S. at 24 (citing <u>Munaf v. Geren</u>, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." <u>Micro Strategy, Inc. v. Motorola, Inc.</u>, 245 F.3d 335, 339 (4th Cir. 2001) (internal quotation marks omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions "only under exceptional and compelling circumstances." <u>Asemani v. Warden</u>, No. CV RDB-16-1170, 2017 WL 1194173, at *2 (D. Md. Mar. 30, 2017) (citing <u>Taylor v. Freeman</u>, 34 F.3d 266, 269 (4th Cir. 1994)).

### III. DISCUSSION

In seeking a preliminary injunction requiring the BOP to provide him free postage, Reynolds argues that his difficulty obtaining postage stamps is "hindering [his] legal process" (Dkt. No. 53 at 2). Having reviewed Reynold's request in light of the factors outlined in <u>Winter</u>, the Court concludes that he is not entitled to the equitable relief he seeks.

First, as the magistrate judge correctly concluded, Reynolds has not shown that he is likely to succeed on the merits of his §

**REYNOLDS V. SAAD** 1:17CV124

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 54] AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 53]**

2241 Petition. On the contrary, Magistrate Judge Aloi has entered a second R&R in the case, recommending that the Court grant the defendant's pending motion to dismiss (Dkt. No. 27) and deny and dismiss the Petition as successive and an abuse of the writ (Dkt. No. 63).

Next, Reynolds has failed to explain how the BOP's failure to provide him with free postage has prejudiced the pursuit of his legal claims. Indeed, Reynolds' claim that his access to the Court has been hindered is belied by the fact that, since July 17, 2017, he has written and mailed at least forty-two (42) separate filings in this case, including his objections to the R&R (Dkt. Nos. 1, 2, 10, 14, 17, 21-26, 29, 32-44, 47-53, 56-62, 65-67).[1] Accordingly, Reynolds cannot establish that he is likely to suffer irreparable harm in the absence of preliminary relief. Finally, Reynolds has provided no evidence to suggest that the balance of equities tips in his favor, or that the extraordinary remedy he requests would serve the public interest.

Because Reynolds cannot satisfy the factors set forth in Winter, the Court **OVERRULES** his objections (Dkt. No. 56), **ADOPTS**

---

[1] The Court further notes that, since June of 2017, Reynolds has initiated at least seven (7) other civil actions in this district (Case Nos. 3:17cv67, 3:17cv73, 1:17cv99, 2:17cv114, 1:17cv159, 3:17cv188, and 5:17cv150).

**REYNOLDS V. SAAD**                                                     **1:17CV124**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 54] AND
DENYING MOTION FOR A PRELIMINARY INJUNCTION [DKT. NO. 53]**

the R&R (Dkt. No. 54), and **DENIES** the motion for a temporary restraining order or preliminary injunction (Dkt. No. 53).

It is so **ORDERED.**

The Court directs the Clerk to transmit this Order to counsel of record and to the pro se petitioner by certified mail, return receipt requested.

Dated: June 1, 2018.

>                          /s/ Irene M. Keeley
>                          IRENE M. KEELEY
>                          UNITED STATES DISTRICT JUDGE