IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL CURTIS REYNOLDS,

    Petitioner,

v.                      //           CIVIL ACTION NO. 1:17CV124
                                      (Judge Keeley)

JENNIFER SAAD,

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

On July 17, 2017, the pro se petitioner, Michael Curtis Reynolds ("Reynolds"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), attacking the validity of his conviction and sentence (Dkt. No. 1). For the reasons that follow, the Court **ADOPTS** the magistrate judge's Report and Recommendation ("R&R") (Dkt. No. 63) and **DENIES** the Petition.

## I. BACKGROUND[1]

In July 2007, following a five-day jury trial, Reynolds was convicted of several crimes related to terrorism, including attempting to provide material support to a foreign terrorist organization (al-Quada); attempting to coordinate damage to an interstate gas pipeline facility through force or explosion; and possessing an unregistered grenade, all of which related to his use

---

[1] As in the R&R, this background information comes from Reynolds' criminal case in the District Court for the Middle District of Pennsylvania (Case No. 3:05cr493).

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

of an online message board and email messages to solicit help with an apparent terrorist plot. The District Court for the Middle District of Pennsylvania sentenced Reynolds to a total term of 360 months of incarceration. The Court of Appeals for the Third Circuit denied his appeal, in which he had alleged that there was insufficient evidence to connect him to incriminating e-mails sent to an undercover officer posing as a terrorist. See Reynolds v. United States of America, 374 Fed.Appx. 356 (3d Cir. 2010).[2]

Reynolds claims here that it was a "physical impossibility" for him to have committed the crimes for which he was convicted (Dkt. No. 1 at 6). Specifically, he argues that no "use" of email could have occurred because he did not possess a computer monitor and could not "teach" other individuals about his terror plot absent the sending of emails. Id. He also claims that the Federal Bureau of Investigation (FBI) fabricated or planted evidence in

---

[2] In August 2011, Reynolds filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits on August 15, 2012. United States of America v. Reynolds, Case No. 05-cr-493 (M.D. Pa.). The Third Circuit denied a certificate of appealability and dismissed the appeal on February 13, 2013.

While his motion to vacate was pending, Reynolds, then-incarcerated in California, filed two habeas corpus petitions in the Central District of California, pursuant to 28 U.S.C. § 2241. The court determined it lacked jurisdiction and transferred both petitions to the Middle District of Pennsylvania, where they were dismissed without prejudice as successive.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

order to obtain the convictions against him. Id. at 6-7. In addition, he contends that certain information contained in his Presentence Investigation (PSI) was "falsifi[ed]" to enhance his sentence. Id. at 7. For relief, Reynolds seeks release or, in the alternative, an evidentiary hearing. Id. at 8.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review. After being directed to show cause, the respondent moved to dismiss the Petition (Dkt. No. 27). In a lengthy and thorough R&R, Magistrate Judge Aloi recommended that the Court deny the Petition and dismiss the case with prejudice (Dkt. No. 63). After carefully outlining the claims presented in each of Reynolds' previously filed § 2255 motions and § 2241 petitions, as well as the manner in which each case had been resolved,[3] the R&R concluded that each of the claims raised in the Petition are "identical to those already repeatedly denied by the sentencing court, this Court, and other districts." Id. at 28-30. Accordingly, the R&R concluded that the Petition should be denied and dismissed as successive and an abuse of the writ of habeas corpus. Id. at 30.

---

[3] Given the R&R's detailed and accurate recitation of Reynolds' extensive filing history, the Court declines to further recite that exhaustive history here other than as necessary (See Dkt. No. 63 at 7-22).

REYNOLDS V. SAAD                                                1:17CV124

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

The R&R also informed Reynolds of his right to file "written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections." Id. at 33. It further warned him that the failure to do so may result in waiver of his right to appeal. Id. The Court received Reynolds' timely objections on May 21, 2018 (Dkt. No. 66).

## II. STANDARD OF REVIEW

### A. Pro Se Pleadings

Because Reynolds is acting pro se, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A pro se complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Review of the R&R

When reviewing a magistrate judge's R&R, the Court must review de novo only those portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt,

4

REYNOLDS V. SAAD                                                    1:17CV124

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

### III. APPLICABLE LAW

Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition that presented "no new grounds not heretofore presented and determined." McClesky v. Zant, 499 U.S. 467, 483 (1991). As amended by AEDPA, § 2244(a) now provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Although § 2244(a) does not specifically reference proceedings under § 2241, courts have consistently held that the statute bars claims in second or successive § 2241 petitions that were addressed in previous habeas corpus proceedings. See, e.g., Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (noting that § 2244(a) applies to any habeas corpus application filed by a person in custody pursuant to a judgment of a United States court); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate claims that had been denied in a prior petition); Valona v. United States, 138 F.3d

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence").

A second or successive habeas petition that seeks to raise a claim that could have been litigated in an earlier proceeding is also precluded under the doctrine of abuse of the writ. The abuse of the writ doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey v. Zant, 499 U.S. 467, 470 (1991). In McCleskey, the Supreme Court held that, under the doctrine, the respondent bears the initial burden of pleading abuse of the writ, and that if the respondent meets this burden, the petitioner must show cause and prejudice or a fundamental miscarriage of justice to excuse his failure to raise the claim in an earlier petition. Id. at 494-95. The Court also made clear that "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice [or from inexcusable neglect]." Id. at 489.

The Supreme Court has further noted that the restrictions set forth in § 2244(a) "constitute a modified res judicata rule."

REYNOLDS V. SAAD                                                 1:17CV124

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

Felker v. Turpin, 518 U.S. 651, 664 (1996). The abuse of the writ doctrine thus precludes petitioners from "relitigating issues" and "filing subsequent petitions for habeas corpus where an earlier petition has already been denied." Williams v. Wendt, No. Civ.A. 1:04CV136, 2006 WL 1004806, at *1 (N.D.W. Va. Apr. 7, 2006) (citing McClesky, 499 U.S. at 470, 492); Abdel-Whab v. Ridge, No. Civ.A. 04-5386, 2005 WL 551352, at *3 (E.D. Pa. Mar. 3, 2005). In addition, "where a petitioner has filed successive habeas petitions in more than one district court, the dismissal of the first habeas petition is of 'vital relevance' to later court determinations of whether to consider similar petitions, and may be given 'controlling weight.'" Abdel-Whab, 2005 WL 551352, at *3 (citing McClesky, 499 U.S. at 482).

## IV. DISCUSSION

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Moreover, the pleadings and objections of a pro se petitioner are entitled to liberal construction. See Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017). Reynolds' lengthy and largely incoherent objections to the R&R focus almost exclusively on the same facts and legal arguments he raised before the magistrate judge (Dkt. No. 66).

REYNOLDS V. SAAD                                                  1:17CV124

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

These reiterations and general objections place the Court under no obligation to conduct a de novo review. Diamond, 414 F.3d at 315. When liberally construed, however, Reynolds objects to the R&R's determination that his Petition is an abuse of the writ of habeas corpus.

Reynolds seemingly contends that, because some, if not all, of his prior § 2241 petitions were dismissed for lack of jurisdiction, those petitions were not considered on the merits, and therefore, the instant Petition cannot be deemed successive or abusive. For example, he asserts, "Not being in the State of Pennsylvania, the transferred cases were all dismissed for a LACK OF JURISDICTION, not for a lack of merit ... NO merit review was ever held. Dismissal for reason of a 'lack of jurisdiction' by a Court that Petitioner did not motion is NOT accountable against him." Id. at 5, 8; see DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (noting that pro se objections should be "accorded leniency" and "construed to raise the strongest arguments that they suggest" (internal quotation omitted)). Accordingly, this Court will review de novo only those portions of the magistrate judge's findings, to which Reynolds has specifically objected. The remainder of the R&R's recommendations will be reviewed for clear error.

REYNOLDS V. SAAD                                              1:17CV124

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

A.  Claims in Instant Petition

Liberally construed, Reynolds' Petition raises five claims: (1) that his sentence should not have been enhanced because "no use [of e-mails was] committed"; (2) that it was physically impossible for him to have committed e-mail crimes absent a desktop computer monitor; (3) that he could not "teach" absent the sending of e-mails, and again, that it was physically impossible for him to have done so; (4) that the FBI fabricated evidence "tracing to informants [sic] location of emails;" and (5) that information exists to prove that his PSI was falsified (Dkt. No. 1).

Reynolds' first three claims relate to his contention that it was physically impossible for him to have sent certain emails associated with his convictions (Dkt. No. 1 at 5-6). Reynolds previously raised identical physical impossibility arguments to no avail in § 2241 petitions he filed in the Middle District of Pennsylvania (e.g., Case Nos. 3:05-cr-493; 3:15cv698; 3:18cv691), the Central District of California (Case No. 2:17cv2378), the District of Maryland (Case No. 1:16cv03471), and this district (Case No. 3:17cv67).[4]

---

[4] As outlined in the R&R, Reynolds has similarly advanced this argument in numerous motions and other filings in this district and others, as well as on direct appeal. See Dkt. No. 63 at 28.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

Reynolds' fourth claim involves an allegation that the FBI fabricated evidence "tracing to informants [sic] location of emails" in order to obtain convictions against him (Dkt. No. 1 at 6-7). Like Reynolds' physical impossibility claims, his claims that the FBI planted or fabricated evidence and committed perjury were previously raised in § 2241 petitions filed, and dismissed, in the Middle District of Pennsylvania (e.g., Case. Nos. 4:07cv258, 4:07cv674; 3:07cv2093; 4:08cv909; 4:08cv2094, 3:15cv698; 3:18cv691), the Central District of California (e.g., Case Nos. 2:12cv3706; 2:12cv8605), the Southern District of New York (Case No. 1:07cv5824, transferred to M.D.Pa, Case No. 4:08cv293), and this district (Case No. 3:17cv67).[5] Finally, Reynolds argues that his PSI contained falsified prior convictions "to enhance [his] sentence" (Dkt. No. 1 at 7), a claim previously raised and dismissed in at least one other district court, the Middle District of Pennsylvania (Case No. 3:18cv691).

B. **Determination on the Merits**

Despite Reynolds' contention that the instant Petition cannot be deemed successive or abusive because his prior petitions were not considered on the merits, the Court concludes that "a determination on the merits is not necessary to an abuse of the

---

[5] See also Dkt. No. 63 at 28-29.

REYNOLDS V. SAAD                                           1:17CV124

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]**

writ determination." Fester v. Beshears, 56 F. Supp.2d 600, 607-08 (D. Md. 1999) aff'd 208 F.2d 208 (4th Cir. March 7, 2002) (citing Rehbein v. Clarke, 94 F.3d 478 (8th Cir. 1996) (a subsequent petition may be deemed abusive even if the prior petition was not decided on the merits); Farmer v. McDaniel, 98 F.3d 1548 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997) ("[A]buse of the writ analysis is not foreclosed as a matter of law solely because prior petitions have not been reviewed on the merits."); Macklin v. Singletary, 24 F.3d 1307 (11th Cir. 1994), cert. denied, 513 U.S. 1160 (1995) ("[I]t is not a prerequisite to application of the abuse of the writ doctrine that the petitioner have had a prior petition adjudicated on the merits")). Because the abuse of the writ doctrine does not require a determination on the merits, the Court concludes that application of the doctrine is warranted in this case.

Accordingly, because all of Reynolds' claims were either raised in his prior § 2241 petitions and denied, or because they could have been raised in the prior petitions, the Court concludes that the claims are barred by the abuse of the writ doctrine. Therefore, following a de novo review of Reynolds' specific objections, and finding no clear error in the portions of the R&R not specifically objected to, the Court:

REYNOLDS V. SAAD					1:17CV124

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 63],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 27],
AND DISMISSING THE PETITION WITH PREJUDICE [DKT. NO. 1]

1) **OVERRULES** Reynolds' objections (Dkt. No. 66);

2) **ADOPTS** the R&R (Dkt. No. 63);

3) **GRANTS** the respondent's motion to dismiss (Dkt. No. 27);

4) **DENIES AS MOOT** Reynolds' pending motions (Dkt. Nos. 14, 17, 26, 29, 39, 41, 47, 48, 52, 57, 58, 60, 61, 65, 67; 70); and

5) **DENIES** the Petition (Dkt. No. 1) and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit this Order to counsel of record and to the pro se plaintiff, certified mail and return receipt requested. The Clerk is further **DIRECTED** to enter a separate judgment order and to remove this case from the Court's active docket.

DATED: July 11, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE